Hon. Robert P. Merino Town Attorney, Niagara (Town)
This is in reply to your letter of June 5, 1979, as attorney for the Town of Niagara, in which you seek this office's opinion as to the validity of section 16 of the Town of Niagara's Zoning Ordinance which provides as follows:
 "The Board of Appeals shall report its decision to the Town Board of the Town of Niagara and it shall thereupon become binding and effective unless the Town Board reverse or modify such decision within 60 days from the date of the filing of said decision with the Town Clerk."
This office's opinion continues to be that taken in Attorney General's Opinion letter dated August 31, 1976 to the Town of Penfield. An excerpt from said letter states the following:
 "Town Law, § 267 (7) provides, in pertinent part, as follows:
`§ 267. Board of Appeals
* * *
 `7. Any person or persons, jointly or severally aggrieved by any decision of the board of appeals or any officer, department, board or bureau of the town, may apply to the supreme court for review by a proceeding under article seventy-eight of the civil practice law and rules. Such proceeding shall be instituted within thirty days after the filing of a decision in the office of the town clerk. * * *'
 "As a general proposition, local governments have no authority to enact local legislation inconsistent with a general state law. (City of Corning v. Corning Police Dept., 81 Misc.2d 294 [Sup. Ct., Steuben Co., 1975].) (See New York State Constitution, Art. IX, § 2 [c]; Municipal Home Rule Law, § 10 [1].) * * *
 "It is apparent that the provision of the Penfield Town Code whereby appeals from the Zoning Board of Appeals may be taken to the Town Board is inconsistent with section 267 of the Town Law. * * *
 "We conclude that section 29-25 of the Code of the Town of Penfield, providing that appeals from the Zoning Board of Appeals may be taken to the Town Board, is inconsistent with section 267 (7) of the Town Law and is, therefore, invalid." (A copy of said opinion is enclosed.)
It is the further opinion of this office that the recent amendment of Municipal Home Rule Law, § 10 (14) d3 does not permit a municipality to prevent application of a mandatory, jurisdictional provision of a general state law. Town Law, § 267 (7) provides in part as follows: "Such proceeding shall be instituted within thirty days after the filing of a decision in the office of the town clerk". Necessarily, the Zoning Board decisions must be judicially reviewed in accordance with the jurisdictional directive of the State law (§ 171 Statutes).